FILED
CLERK, U.S. DISTRICT COURT
6/9/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_MMC\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:25-CR-00449-ODW |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1341: Mail Fraud] |
| DENNIS ANDERSON, | |
| Defendant. | |

COUNTS ONE AND TWO

[18 U.S.C. § 1341]

The United States Attorney Charges:

A.   INTRODUCTORY ALLEGATIONS

　　1.　At times relevant to this Information:

　　　　a.　Defendant DENNIS ANDERSON was a resident of Woodland Hills, California.

　　　　b.　Defendant ANDERSON was the sole owner and manager of Leads and Data Solutions ("LDS"), an entity incorporated in the state of California and operated from defendant ANDERSON'S residence in Woodland Hills, California.

　　　　c.　While operating LDS, Defendant ANDERSON worked with a co-conspirator business partner who resided in Louisiana ("Louisiana

business partner"). Defendant ANDERSON shared half of LDS's profits with his Louisiana business partner.

      d.    Through LDS, defendant ANDERSON and his Louisiana business partner sold and offered for sale lists of names, addresses, and phone numbers of United States residents ("lead lists").

B.    THE SCHEME TO DEFRAUD

    2.    Beginning no later than 2016 and continuing to in or about March 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANDERSON and his Louisiana business partner, together with others known and unknown in Jamaica and elsewhere, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud victims as to material matters, and to obtain money and property from victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

    3.    The fraudulent scheme was carried out, in substance, as follows:

      a.    Defendant ANDERSON and his Louisiana business partner, through LDS, marketed their lead lists as Sweepstakes (or "sweeps") leads, and offered and sold the lists to telemarketers whom defendant ANDERSON and his Louisiana business partner knew intended to call the persons listed and to falsely claim that the persons had won a lottery or sweepstakes. Defendant ANDERSON's sweeps leads were generated from marketing companies known as lead generators and were almost exclusively comprised of older Americans (generally over 65 years old) whose information had been obtained by lead generators from companies that had previously sold them durable medical equipment.

   b. Through LDS, defendant ANDERSON and his Louisiana business partner knowingly sold the sweeps leads comprised of elderly Americans' contact information to scammers operating from Jamaica ("Jamaican scammers"). As defendant ANDERSON then knew, the Jamaican scammers intended to and did use the contact information listed on the lead lists to commit fraud, including in the following manner:

    i. Jamaican scammers called victims listed on defendant ANDERSON'S lead lists and falsely informed the victims that they had won a lottery or sweepstakes. Through a series of fraudulent misrepresentations, the scammers convinced victims they were required to send money for fictitious taxes and fees before they could receive their purported lottery winnings.

    ii. As a result of the fraudulent misrepresentations they were told during the phone calls, victims sent the scammers money in a variety of ways, including by mailing cash and money orders, depositing money into bank accounts controlled by the scammers, and wiring funds through money service businesses such a Western Union or MoneyGram.

    iii. Some of the victims were instructed by Jamaican scammers to send their "taxes or fees" to defendant ANDERSON and his Louisiana business partner.

    iv. In fact, none of the victims had won any money in a lottery or sweepstakes, there were no taxes or fees that had to be paid before the victims could receive the purported winnings, and all of the money the victims sent as instructed by the Jamaican scammers would result in losses sustained by the victims.

   c. As part of the above-described conduct, defendant ANDERSON and his Louisiana business partner agreed to receive from

fraud victims numerous mailings containing cash and money orders in furtherance of the above-described scheme.  Defendant ANDERSON and his Louisiana business partner applied these payments to the amounts the Jamaican scammers owed them for the sweeps leads, knowing that the lottery fraud victims had been misled into believing they won a lottery, that the fraud victims would not receive any purported winnings, and that the money they received from fraud victims was sent under false pretenses.

C.    USE OF THE MAILS

   4.    On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANDERSON, for the purpose of executing the above-described scheme to defraud, caused the following items to be deposited with and to be

//

//

//

sent and delivered by a private and commercial interstate carrier, according to the directions thereon:

| COUNT | DATE | ITEM SENT |
|---|---|---|
| ONE | October 5, 2019 | A money order in the amount of $700 sent via United Parcel Service by victim C.S. from Illinois to defendant ANDERSON in the Central District of California |
| TWO | February 12, 2020 | Two Western Union money orders, each in the amount of $500, sent via FedEx by victim W.T. from New York to defendant ANDERSON in the Central District of California |

BILAL A. ESSAYLI
United States Attorney

*/s/ Christina Shay*

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Chief, Major Frauds Section

MONICA E. TAIT
Assistant United States Attorney
Major Frauds Section

RYAN E. NORMAN
Trial Attorney
Consumer Protection Branch
United States Department of Justice